WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerry Smith,<br><br>    Plaintiff,<br><br>v.<br><br>Michael J. Astrue, Commissioner of the Social Security Administration,<br><br>    Defendant. | No. CV-11-2524-PHX-DGC<br><br>**ORDER** |

On January 1, 2013, Plaintiff filed a motion for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). Doc. 32. The EAJA provides:

> A court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was *substantially justified* or that special circumstances made an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added). A party seeking an award of fees and other expenses must submit to the court an application "within thirty days of final judgment in the action." *Id.* § 2412(d)(1)(B). Final judgment "means a judgment that is final and not appealable." *Id.* § 2412(d)(1)(G). Plaintiff is a prevailing party because this matter was remanded pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g).

Plaintiff appropriately applied for attorney's fees within thirty days after the appeal period closed. Doc. 32 at 3.[1]

These conditions being met, the EAJA creates a presumption that a court will award attorney's fees to a prevailing party. *Flores v. Shalala,* 49 F.3d 562, 567 (9th Cir. 1995) (citing *Thomas v. Peterson*, 841 F.2d 332, 335 (9th Cir. 1988)). However, attorney's fees are not available if the position of the United States is "substantially justified." 28 U.S.C. § 2412(d)(1)(A). The Supreme Court has explained that the government is substantially justified if its position has a "reasonable basis both in law and fact." *Pierce v. Underwood,* 487 U.S. 552, 565 (1988). The Ninth Circuit has clarified the inquiry as whether the commissioner has shown that "his position with respect to the issue on which the district court based its remand was substantially justified." *Lewis v. Barnhart,* 281 F.3d 1081, 1083 (9th Cir. 2002); *see also Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998) (finding that the "government's position at each stage must be 'substantially justified'"). The Commissioner's defense of "basic and fundamental errors" will often lack substantial justification. *Id.*

This Court found that the Administrative Law Judge ("ALJ") erroneously rejected the medical opinion of Plaintiff's treating physician, Dr. Levy, which showed that Plaintiff was incapable of work. Doc. 29 at 5. The ALJ is required to make "'findings setting forth specific legitimate reasons for [rejecting the treating physician's testimony] that are based on *substantial evidence* in the record.'" *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (quoting *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir.1989)) (emphasis added). The ALJ rejected Dr. Levy's 2008 medical opinion

---

[1] District Courts may remand under "sentence four" or "sentence six" of section 405(g). Only sentence four remands—those in which the District Court "makes a determination as to the correctness of the Secretary's position"—qualify plaintiffs as "prevailing parties" for an award of attorneys' fees. *Flores v. Shalala,* 49 F.3d 562, 568 (9th Cir. 1995) (citing *Shalala v. Schaefer,* 509 U.S. 292 (1993)); *see also Gutierrez v. Barnhart,* 274 F.3d 1255, 1257 (9th Cir. 2001) ("An applicant for disability benefits becomes a prevailing party . . . if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded."). In this case the Court issued a remand under sentence four. Doc. 29 at 17–18.

because: (1) Plaintiff's course of treatment was conservative and therefore inconsistent with allegations of disabling pain; (2) Dr. Levy based his opinion on Plaintiff's subjective complaints; (3) There was other medical evidence that conflicted with Dr. Levy's findings; (4) Dr. Levy's later assessment, in 2010, suggested Plaintiff was capable of working. Doc. 29 at 5–12.

This Court found that these reasons were insufficient for rejecting Dr. Levy's 2008 opinion. *Id.* at 10. Moreover, this Court now finds that the government was not substantially justified in its position in this case. First, while the ALJ may consider evidence of a course of treatment that was inconsistent with allegations of disabling pain, this evidence is not enough to constitute "substantial evidence" for rejecting Dr. Levy's opinion. *Id.* at 8. Second, the ALJ was unreasonable in finding that Dr. Levy's reliance on Plaintiff's subjective complaints invalidated his medical opinion. Dr. Levy was permitted to rely on Plaintiff's subjective complaints in forming his medical opinion, particularly when he also conducted clinical tests. *Id.* Third, the ALJ was unreasonable in giving preference to the opinions of non-treating physicians and failing to explain why those opinions were more reliable than Dr. Levy's. *Id.* at 10. Finally, the ALJ was unreasonable in interpreting Dr. Levy's 2010 opinion as saying that Plaintiff was capable of working. Dr. Levy's 2010 opinion indicated that Plaintiff suffered pain that interfered with his ability to work, as did the 2008 opinion, and a vocational expert affirmed that based on this opinion Plaintiff would not be able to work. *Id.* at 11. In light of these findings, Defendant was not substantially justified in defending the ALJ's decision that Dr. Levy's medical opinion, as Plaintiff's treating physician, should be rejected.[2]

---

[2] Because the issue of the acceptability of Dr. Levy's medical opinion was "the issue on which the district court based its remand," *Lewis,* 281 F.3d at 1083, and the "government's position at each stage must be 'substantially justified,'" *Corbin*, 149 F.3d at 1053, the Court need not address whether the government was substantially justified in arguing that Plaintiff's symptom testimony was not credible.

Plaintiff's counsel, Mark Caldwell, has filed an affidavit (Doc. 33) and an itemized statement of fees (Doc. 33-1) showing that he worked on this case 3.2 hours in 2011 and 40.1 hours in 2012, and that the fees total $7,945.46 ($180.59 for 2011 hours, and $183.73 for 2012 hours). Defendant argues that much of Plaintiff's work was duplicative and unnecessary because many of the arguments presented in Plaintiff's opening brief were also made in the memorandum presented to the Social Security Appeals Council. Doc. 34 at 6. Defendant therefore requests that the hours for 2012 be reduced from 40.1 to 30. *Id.* at 7.

"By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). While some of Plaintiff's arguments may have duplicated arguments from earlier memoranda, such duplication is often inevitable and necessary. *Id.* The requested hours are not outside the scope of what is normal for a case of this nature.[3] Therefore, having reviewed the affidavit and the statement of fees, and having considered the relevant fee award factors, *see Hensley v. Eckerhart,* 461 U.S. 424, 429–30 & n. 3 (1983), the Court finds that the amount of the requested fee award is reasonable.

**IT IS ORDERED**

1. Plaintiff's motion for award of attorney's fees of $7,945.46 (Doc. 31) is **granted.**
2. Pursuant to the contractual agreement between Plaintiff and his attorney Mark Caldwell (Doc. 32-1), the Court also grants Mr. Caldwell's request

---

[3] *See, e.g.*, *Alexander v. As true*, No. CV11-2465-PHX-DGC, 2012 WL 5989450 (D. Ariz. Nov. 29, 2012) (awarding $6,870.90); *Sharp v. As true*, No. CV-09-1841-PHX-DGC, 2010 WL 1759287 (D. Ariz. Apr. 30, 2010) (awarding $8,577.55).

that the attorney's fees, payable to Plaintiff, be sent to Mr. Caldwell's law offices.

Dated this 27th day of February, 2013.

David G. Campbell
United States District Judge